■ MILENA ANGELOTTI, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim Nos. 52570, 53579.) — Cross appeals from a judgment in favor of claimant, entered December 15, 1971, upon a decision of the Court of Claims. Claimant was awarded $57,627.18, including interest, for the appropriation of her property in the City of Oneonta. Claimant's property, zoned residential, consisted of 13,155 square feet of land upon which was located a three-story building. The upper two floors contained rental apartments, but the ground floor was operated as a self-service meat market and grocery store and as such was a nonconforming use under the zoning ordinance. Within the store were certain items of equipment and machinery employed in the business. The State contends that the claimant's appraisal which posited a value of $33,000 for the land taken, was deficient in failing to include adjustments to certain land sales employed as comparable sales therein and therefore should not have been considered by the court in making its award. We are asked to modify the judgment by reducing it $16,600, the difference between the court's found land value of $20,000 and the $3,400 suggested by the State's appraiser as the value of the land taken. It is true that claimant's appraiser did not make adjustments to two sales of land, and as a result, those comparables are of little if any probative value. However, his valuations were based primarily upon a whole to whole comparable which was remarkably similar to the subject property. In analyzing that sale, claimant's expert indicated that

portion of the sale price attributable to the land, and the various adjustments made are clearly identifiable as attributable to the separate components of the sale property. By applying those adjustments attributable to a comparison of the sale land and subject land, the expert arrived at his figure of $33,000. This approach is certainly sufficient to establish a range of testimony, and the court's award for land being within that range must stand. The State's second contention is that the court erred in making an award for equipment without allowing the State to present evidence as to whether or not the items involved were fixtures, and in failing to value that equipment, if it is compensable, according to the rule set down in *Rose* v. *State of New York* (24 N Y 2d 80). Claimant, on her cross appeal, contends that the award for equipment was inadequate. The State's position is that its inclusion of valuations of the equipment in its appraisal was a means of protecting its right to present evidence on the question of value without any intent to concede the issue of compensability. As a general principle, we agree that the inclusion of valuations in an appraisal report, without more, should not prejudice the condemnor's right to challenge the compensability of a given item. If the rule were otherwise, the State would face the unhappy alternative of litigating the issue of compensability and then, if unsuccessful, having to stand silently by while the court awards the claimant whatever he may demand because no range of testimony has been created. Although the State in its appraisal appears to have unqualifiedly stated that the value of the equipment in the store would have to be considered because " [i]n view of this appropriation, the owner would be forced to sell or move the equipment ", the claimant signed a statement pursuant to which all personal property remaining in the subject premises was abandoned. The only conclusion inferable from these two statements is that certain items were conceded by claimant to be noncompensable personal property, and such other items as might be found to be fixtures would be compensable. Thus, an issue of fact was created as to which items fell within the category of noncompensable personalty, and which items constituted fixtures for which claimant was to be paid. In failing to admit the State's offer of proof on this question and in failing to find that fixtures were in fact involved, the court committed reversible error. Moreover, the court appears to have determined the award for these items as if they had all been appropriated. The court merely stated that " There were certain items of equipment  *  *  *  which we find to have been items for which the claimant is to be compensated ". In failing to state its findings of fact upon which this conclusion rests, we are not provided with an adequate basis for intelligent review of this determination (*Conklin* v. *State of New York,* 22 A D 2d 481). Furthermore, the court erred in its method of valuation. Both sides presented experts who testified as to the cost of the various pieces of equipment when new. The State's expert also testified as to the "value in place " and as to salvage value, while claimant's expert testified to depreciated value and " depreciated value installed ", the latter being equal to the former plus installation costs. The court accepted in full the values posited by claimant's witness as to depreciated value installed, and then depreciated the total by 50%. The record is totally devoid of any evidence whatsoever tending to establish any rate of depreciation whatsoever, much less the rate found by the court. Furthermore, under any theory it is improper to apply depreciation to a figure representing already depreciated value. For these reasons, the matter must be remitted to the Court of Claims for the submission of proof on the question of whether the various items of equipment constituted personalty or fixtures, how any such equipment found to be fixtures was disposed of, and on valuation. If it is found, as contended by claimant, that items

which were fixtures were actually appropriated, value at the time of the taking will determine the award. If, on the other hand, it is found that such fixtures were not taken but that compensation is warranted under the rule of *Rose (supra)*, the court must find the "value in place" of the property less salvage value.[1] To allow a range of testimony to be established, claimant is given leave to submit evidence of salvage value in this event. Because of our disposition of this issue, it is unnecessary to consider the contentions raised by claimant on her cross appeal. Judgment modified, on the law and the facts, in accordance with this decision, and matter remitted to the Court of Claims for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Simons, Kane and Reynolds, JJ., concur.

---

1. Since the parties do not contend that the equipment was removed to a new business site, the cost of removal as an alternative formulation of value under *Rose* v. *State of New York* (24 N Y 2d 80, *supra*) is not applicable here.